Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

August 14, 2024

Ravi Subramanian, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-138 RSM |
| Plaintiff | **INDICTMENT** |
| v. | |
| KEVIN THISSEL (aka: "Unc," "Uncle," "Jefe," "Big Jefe,"), and CHRISTOPHER JOHNSON, | |
| Defendants. | |

The Grand Jury charges that:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

**A.     The Enterprise**

1.     The defendants, KEVIN THISSEL, CHRISTOPHER JOHNSON, and others known and unknown to the Grand Jury, were members and associates of a criminal organization, which was engaged in, among other things, acts of violence, robbery, kidnapping, murder, and burglary, and which operated in the states of Washington, Arizona, and elsewhere.

Indictment - 1
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.      The organization, including its leaders, members, and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce (the Enterprise). The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The Enterprise operated in the Western District of Washington and elsewhere.

3.      Enterprise members and associates identified robbery and burglary targets throughout the Western District of Washington, then gathered together to commit each robbery or burglary. These robbery crews often consisted of at least three to four Enterprise members.

4.      The Enterprise often targeted Asian families and victims for robbery and burglary.

5.      The Enterprise utilized a common *modus operandi* for the robberies. Enterprise members wore dark clothing, masks, and gloves to conceal their identities and to leave limited trace evidence. They commonly carried firearms. They conducted their robberies late at night and in the early morning hours (usually between 2:00 am and 5:00 am), when they knew or had reason to believe victims would be present in the targeted residences. An Enterprise member usually disabled any apparent security cameras. One member of the Enterprise forced entry into the residence, usually by kicking in an entry door. Enterprise members often falsely announced themselves as police. Once Enterprise members made entry into the home of their intended victims, they corralled the victims, including minor children. The members restrained victims, including minor children, and virtually always did so with zip ties.

Indictment - 2
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.      KEVIN THISSEL was the oldest member of the Enterprise. He was known as, and referred to himself as, "Jefe" and "Big Jefe," which are terms denoting leadership. Other members of the Enterprise referred to him as "Uncle," or "Unc."

7.      Enterprise members and associates were assigned the following roles during their commission of robberies and burglaries, with the same member(s) or associate(s) often taking on multiple roles during a particular robbery or burglary:

(a)      An Enterprise member selected and targeted victims for robbery and burglary;

(b)      One Enterprise member was the driver;

(c)      One Enterprise member was responsible for gaining entry into the home, usually by kicking in a door;

(d)      One or two Enterprise members were responsible for controlling victims by zip-tying victims;

(e)      One or two Enterprise members were responsible for controlling victims by holding victims at gunpoint;

(f)      Once the victims were secured, Enterprise members were responsible for ransacking homes and finding items of value for theft and robbery;

(g)      Certain juveniles, known to the Grand Jury, assisted the Enterprise by taking possession of property stolen by the Enterprise, including stolen motor vehicles, and by conveying messages for Enterprise members.

(h)      Other associates assisted the Enterprise by allowing their residences to be used to store firearms for, and property stolen by, the Enterprise, and for planning robberies and burglaries by Enterprise members.

Indictment - 3
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.     The Enterprise members and associates stole money, jewelry, identity documents, luxury handbags and purses, motor vehicles, clothing, and other items of potential value, during the robberies.

**B.    Purposes of the Enterprise**

9.     The purposes of the Enterprise included, but were not limited to, the following:

(a)     Enriching the leaders, members, and associates of the Enterprise through, among other things, acts of robbery, theft, and burglary; and

(b)     Instilling fear in victims, and seeking to intimidate victims through acts of murder, kidnapping, and other acts and threats of violence to facilitate the commission of robberies and threats of violence in order to keep victims from reporting the Enterprise's illegal activities to law enforcement.

**C.    Means and Methods of the Enterprise**

10.     The means and methods by which members and associates of the Enterprise conducted and participated in the conduct of the affairs of the Enterprise included, but were not limited to, the following:

(a)     Enterprise members often targeted Asian victims for robberies because Enterprise members perceived Asian victims to be "weaker;"

(b)     Enterprise members and their associates identified victims and their residential addresses in the Western District of Washington, sometimes doing so through research on social media;

(c)     Once the victims were identified, enterprise members organized plans to rob the victims of cash, jewelry, identity documents, and other property of perceived value from the victims' residences;

(d)     Enterprise members conducted surveillance of some of the victim residences before the robberies, and examined suitable entries to the homes;

Indictment - 4
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(e)     In preparation for each robbery, Enterprise members donned dark clothing and masks, and armed themselves with firearms (to which flashlights were often affixed) and zip ties;

(f)     Enterprise members and their associates chose the late hours of the night and early morning hours to commit their robberies in order to increase the likelihood victims would be present, in order maximize fear in their victims, and so victims could help Enterprise members locate property and valuables inside the residences;

(g)     Enterprise members and their associates forcibly entered the residences of the victims, typically by kicking in an entrance door to the residence;

(h)     Enterprise members and their associates used violence, threats of violence, and weapons, including firearms, to commit the predicate acts specified below;

(i)     Enterprise members committed acts of kidnapping to achieve the purposes of the Enterprise;

(j)     Enterprise members took one victim, using force and threats of force, to ATM machines, operated by banks conducting business in interstate commerce, in an effort to steal funds from the victim;

(k)     Enterprise members committed an act of murder to achieve the purposes of the Enterprise;

(l)     Enterprise members and their associates often used mobile phones, with service provided by companies operating in interstate commerce, to communicate with one another before, during, and after the robberies.

(m)     Enterprise members and their associates used vehicles rented from a company operating in interstate commerce, as well as personal vehicles, to commit the robberies.

Indictment - 5
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**COUNT ONE**

2

**(Racketeering)**

3     11.    The allegations contained in paragraphs 1 through 10 of this Indictment are

4     re-alleged and incorporated as if fully set forth herein.

5     12.    Beginning on a date unknown, but at least from in or about March 2022 and

6     in or about December 2022, both dates being approximate and inclusive, in Skagit, King,

7     and Snohomish Counties, within the Western District of Washington, and elsewhere,

8     KEVIN THISSEL, CHRISTOPHER JOHNSON, and others known and unknown to the

9     Grand Jury, each being a person employed by and associated with the Enterprise

10    described above, and which Enterprise engaged in, and the activities of which affected,

11    interstate commerce, did knowingly and intentionally conduct and participate, directly

12    and indirectly, in the conduct of the affairs of the Enterprise through a pattern of

13    racketeering activity, as that term is defined in Title 18, United States Code, Sections

14    1961(1) and 1961(5), consisting of the racketeering acts set forth below.

15    **Racketeering Act 1:**        **Robbery of D.N., H.T., L.T., and A.T.**

16    13.    On or about May 24, 2022, in Mount Vernon, Skagit County, within the

17    Western District of Washington, KEVIN THISSEL, CHRISTOPHER JOHNSON, and

18    others  known and unknown to the Grand Jury, each aided and abetted by the other,

19    knowingly, intentionally, and unlawfully did take personal property from the person of

20    another, and in the presence of said person, to wit: D.N., H.T., L.T., and A.T., against

21    their will by the use and threatened use of immediate force, violence, and fear of injury to

22    that person and their property, and during the commission of said robbery and in

23    immediate flight therefrom, KEVIN THISSEL, CHRISTOPHER JOHNSON, and others

24    known and unknown to the Grand Jury, were armed with a deadly weapon, and displayed

25    what appeared to be a firearm or other deadly weapon, in violation of Revised Code of

26    Washington 9A.56.190, 9A.56.200(1)(a)(i) and (ii), and 9A.08.020.

27

Indictment - 6
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        **Racketeering Act 2:**        **Kidnapping of A.T.**

2        14.     On or about May 24, 2022, in Mount Vernon, Skagit County, within the

3 Western District of Washington, KEVIN THISSEL, CHRISTOPHER JOHNSON, and

4 others known and unknown to the Grand Jury, each aided and abetted by the other, did

5 intentionally abduct A.T., a minor child, with the intent to facilitate the commission of a

6 felony, that is: the robbery of D.N., H.T., L.T., and A.T, as set forth in Racketeering

7 Act 1, in violation of Revised Code of Washington 9A.40.020(1)(b) and 9A.08.020.

8        **Racketeering Act 3:**        **Robbery of K.M. and F.P.-D.**

9        15.     On or about July 14, 2022, in Burien, King County, within the Western

10 District of Washington, CHRISTOPHER JOHNSON, and others known and unknown to

11 the Grand Jury, each aided and abetted by the other, knowingly, intentionally, and

12 unlawfully did take personal property from the person of another, and in the presence of

13 said person, to wit: K.M. and F.P.-D., against their will by the use and threatened use of

14 immediate force, violence, and fear of injury to that person and their property, and during

15 the commission of said robbery and in immediate flight therefrom, CHRISTOPHER

16 JOHNSON, and others known and unknown to the Grand Jury, were armed with a deadly

17 weapon, and displayed what appeared to be a firearm or other deadly weapon, in

18 violation of Revised Code of Washington 9A.56.190, 9A.56.200(1)(a)(i) and (ii), and

19 9A.08.020.

20        **Racketeering Act 4:**        **Robbery of Q.L.**

21        16.     On or about July 28, 2022, in Kent, King County, within the Western

22 District of Washington, KEVIN THISSEL, CHRISTOPHER JOHNSON, and others

23 known and unknown to the Grand Jury, each aided and abetted by the other, knowingly,

24 intentionally, and unlawfully did take personal property from the person of another, and

25 in the presence of said person, to wit: Q.L., against her will, by the use and threatened use

26 of immediate force, violence, and fear of injury to that person and her property, and

27

Indictment - 7
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  during the commission of said robbery and in immediate flight therefrom, KEVIN

2  THISSEL, CHRISTOPHER JOHNSON, and others known and unknown to the Grand

3  Jury, were armed with a deadly weapon, and displayed what appeared to be a firearm or

4  other deadly weapon, in violation of Revised Code of Washington 9A.56.190,

5  9A.56.200(1)(a)(i) and (ii), and 9A.08.020.

6       **Racketeering Act 5:     Kidnapping of Q.L.**

7       17.     On or about July 28, 2022, in Kent, King County, within the Western

8  District of Washington, and elsewhere, KEVIN THISSEL, CHRISTOPHER JOHNSON,

9  and others known and unknown to the Grand Jury, each aided and abetted by the other,

10  did intentionally abduct Q.L., with the intent to facilitate the commission of a felony, that

11  is: the robbery of Q.L. as set forth in Racketeering Act 4, above, in violation of Revised

12  Code of Washington 9A.40.020(1)(b) and 9A.08.020.

13       **Racketeering Act 6:     Robbery of M.S. and G.S.**

14       18.     On or about August 19, 2022, in Everett, Snohomish County, within the

15  Western District of Washington, KEVIN THISSEL, CHRISTOPHER JOHNSON, and

16  others known and unknown to the Grand Jury, each aided and abetted by the other,

17  knowingly, intentionally, and unlawfully did take personal property from the person of

18  another, and in the presence of said person, to wit: M.S. and G.S., against their will by the

19  use and threatened use of immediate force, violence, and fear of injury to that person and

20  their property, and during the commission of said robbery and in immediate flight

21  therefrom, KEVIN THISSEL, CHRISTOPHER JOHNSON, and others known and

22  unknown to the Grand Jury, were armed with a deadly weapon, and displayed what

23  appeared to be a firearm or other deadly weapon, in violation of Revised Code of

24  Washington 9A.56.190, 9A.56.200(1)(a)(i) and (ii), and 9A.08.020.

25

26

27

Indictment - 8
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    **Racketeering Act 7:        Murder of Irah Marcelo Sok**

2        19.    On or about August 19, 2022, in Everett, Snohomish County, within the

3    Western District of Washington, KEVIN THISSEL, CHRISTOPHER JOHNSON, and

4    others known and unknown to the Grand Jury, each aided and abetted by the other,

5    during the commission of robbery in the first degree, to wit: the robbery of M.S. and

6    G.S., as set forth in Racketeering Act 6, above, and in the course of and in furtherance of

7    such crime, did cause the death of a person other than one of the participants in the crime,

8    that is: Irah Marcelo Sok, in violation of Revised Code of Washington

9    9A.32.030(1)(c)(1), 9A.56.200(1)(a)(i) and (ii), and 9A.08.020.

10        All in violation of Title 18, United States Code, Sections 1962(c) and 1963.

11                          <u>**COUNT 2**</u>

12                    **(Conspiracy to Commit RICO)**

13        20.    The allegations contained in paragraphs 1 through 10 of this Indictment are

14    hereby re-alleged and incorporated as if fully set forth herein.

15        21.    Beginning on a date unknown, but at least from in or about March 2022 and

16    continuing until in or around December 2022, both dates being approximate and

17    inclusive, within the Western District of Washington and elsewhere, the defendants,

18    KEVIN THISSEL, CHRISTOPHER JOHNSON, and others known and unknown to the

19    Grand Jury, each being a person employed by and associated with the Enterprise

20    described above, an enterprise engaged in, and the activities of which affected, interstate

21    and foreign commerce, did knowingly and intentionally combine, conspire, confederate,

22    and agree together and with each other to violate Title 18, United States Code, Section

23    1962(c), that is, to conduct and participate directly and indirectly, in the conduct of the

24    affairs of the Enterprise, through a pattern of racketeering activity, as defined in Title 18,

25    United States Code, Section 1961(1) and (5), which pattern of racketeering activity

26    consisted of racketeering acts set forth in paragraphs 13 through 19 of Count One of this

27

Indictment - 9
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Indictment, as Racketeering Acts 1 through 7, which are realleged and incorporated as if

2  fully set forth in this paragraph.

3      22.    It was further part of the conspiracy that each defendant agreed that a

4  conspirator would commit at least two acts of racketeering activity in the conduct of the

5  affairs of the Enterprise.

6              **Special Sentencing Factor as to Count Two:**

7      23.    On or about August 19, 2022, in Everett, Snohomish County, within the

8  Western District of Washington, KEVIN THISSEL, CHRISTOPHER JOHNSON, and

9  others known and unknown to the Grand Jury, each aided and abetted by the other,

10 during the commission of Robbery in the First Degree, to wit the robbery of M.S. and

11 G.S., and in the course of and in furtherance of such crime, did cause the death of a

12 person other than one of the participants in that crime, that is: Irah Marcelo Sok, in

13 violation of Revised Code of Washington 9A.32.030(1)(c)(1), 9A.56.200(1)(a)(i) and (ii),

14 and 9A.08.020.

15     All in violation of Title 18, United States Code, Sections 1962(d) and 1963.

16             **FORFEITURE ALLEGATION**

17     24.    The allegations contained this Indictment are hereby realleged and

18 incorporated by reference for the purpose of alleging forfeiture.

19     25.    The United States hereby gives notice to the defendants charged in Count

20 One and Two that, upon their conviction of offenses alleged in Counts One and/or Two,

21 the government will seek forfeiture in accordance with Title 18, United States Code,

22 Section 1963, which requires any person convicted of such offense to forfeit: (1) any

23 interest the person acquired or maintained in violation of Title 18, United States Code,

24 Section 1962; (2) any interest in, security of, claim against, or property or contractual

25 right of any kind affording a source of influence over, any enterprise which the person

26 has established, operated, or participated in the conduct of, in violation of Title 18,

27

Indictment - 10
*United States v. Thissel and Johnson*
USAO No. 2023R01115

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  United States Code, Section 1962; and (3) any property constituting, or derived from, any

2  proceeds which the person obtained, directly or indirectly, from racketeering activity in

3  violation of Title 18, United States Code, Section 1962.

4         26.    **Substitute Assets.** If any of the above-described forfeitable property, as a

5  result of any act or omission of the defendant,

6               a.     cannot be located upon the exercise of due diligence;

7               b.     has been transferred or sold to, or deposited with, a third party;

8               c.     has been placed beyond the jurisdiction of the Court;

9               d.     has been substantially diminished in value; or,

10              e.     has been commingled with other property which cannot be divided

11                     without difficulty,

12

13

14

15  //

16

17  //

18

19  //

20

21  //

22

23  //

24

25

26

27

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  it is the intent of the United States to seek the forfeiture of any other property of the

2  defendant, up to the value of the above-described forfeitable property, pursuant to

3  Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section

4  1963(m).

5

6                                          A TRUE BILL:

7                                          DATED:  _____8|14|24_____

8                                          *Signature of Foreperson redacted pursuant*
                                           *to the policy of the Judicial Conference of*
9                                          *the United States.*

10                                         FOREPERSON

11

12

13

14  TESSA M. GORMAN
    United States Attorney

15

16

17  MIKE LANG
    Assistant United States Attorney

18

19

20  STEPHEN HOBBS
    Assistant United States Attorney

21

22

23

24

25

26

27

Indictment - 12                                    UNITED STATES ATTORNEY
*United States v. Thissel and Johnson*             700 STEWART STREET, SUITE 5220
USAO No. 2023R01115                                SEATTLE, WASHINGTON 98101
                                                   (206) 553-7970