1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                  Plaintiff,

    v.

KEVIN THISSEL,

                  Defendant.

CASE NO. 2:24-cr-00138-LK

ORDER GRANTING AGREED
MOTION TO CONTINUE TRIAL

This matter comes before the Court on Defendant Kevin Thissel's Agreed Motion to Continue Trial. Dkt. No. 42. Mr. Thissel seeks to continue the trial date from December 23, 2024 to October 6, 2025. *Id.* at 1. The Government has agreed to the continuance. *Id.*

Mr. Thissel and his co-defendant Christopher Johnson are charged by indictment with Racketeering in violation of 18 U.S.C. §§ 1962(c) and 1963, and Conspiracy to Commit RICO in violation of 18 U.S.C. §§ 1962(d) and 1963. *See* Dkt. No. 1 at 6–10. Mr. Thissel's current trial date is December 23, 2024, and Mr. Johnson's trial date is October 6, 2025. Dkt. Nos. 20, 32.

Mr. Thissel's prior counsel, John Sheeran, recently withdrew on November 1, 2024. Dkt. No. 41. Mr. Sheeran was replaced by Casey Arbenz, who entered an appearance on October 31,

2024. Dkt. No. 40. Mr. Thissel requests a continuance to allow his new counsel "sufficient time to adequately review the materials" recently received in discovery, to "meet and confer with Mr. Thissel to prepare a defense," and to "engage in discussions and negotiations with counsel for the Government." Dkt. No. 42 at 1–2. He requests a new trial date of October 6, 2025 "to allow the matter to be tried alongside co-defendant Christopher Johnson[.]" *Id.* at 3. Mr. Johnson does not object to the requested continuance. Dkt. No. 44. Mr. Thissel has waived his speedy trial rights through December 3, 2025. Dkt. No. 42-2.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Mr. Thissel in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary to review discovery, gather evidence, consider proper defenses, confer with his client, and prepare for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested is a reasonable period of delay and is necessary to provide counsel and Mr. Thissel sufficient time for the above-listed tasks.

For these reasons, the Court GRANTS the motion, Dkt. No. 42, and ORDERS that the trial date be continued to October 6, 2025, and the pretrial motions deadline be continued to April 25, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Thissel's trial must commence under the Speedy Trial Act.

Dated this 15th day of November, 2024.

Lauren King
United States District Judge