UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN THISSEL et al.,

Defendants.

CASE NO. 2:24-cr-00138-LK

ORDER GRANTING IN PART DEFENDANT THISSEL'S SECOND MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DATES

This matter comes before the Court on Defendant Kevin Thissel's Second Motion to Continue Trial and Pretrial Motions Dates. Dkt. No. 62. Mr. Thissel seeks to continue the trial date from October 6, 2025 to October 12, 2026 and the pretrial motions deadline from May 27, 2025 to June 12, 2026. *Id.* at 1. The motion is opposed by co-defendant Christopher Johnson but unopposed by the Government. *Id.* As explained below, the Court grants the motion in part and denies it in part, continuing trial to May 26, 2026.

## I. BACKGROUND

On August 14, 2024, Mr. Thissel and his co-defendant Mr. Johnson were charged by indictment with Racketeering in violation of 18 U.S.C. §§ 1962(c) and 1963, and Conspiracy to

Commit RICO in violation of 18 U.S.C. §§ 1962(d) and 1963. *See* Dkt. No. 1 at 6–10.

Since being indicted, Mr. Thissel has undergone several changes in counsel. His first counsel, John Sheeran, withdrew on November 1, 2024. Dkt. No. 41. Mr. Sheeran was replaced by Casey Arbenz, who himself withdrew as counsel on April 2, 2025. Dkt. Nos. 40, 49. Mr. Thissel's current counsel—Peter Mazzone and Wayne Fricke—were appointed on April 8 and April 30, respectively. Dkt. Nos. 50, 56.

On April 24, 2025, Mr. Thissel moved to continue his trial. Dkt. No. 54. The Court denied the motion because it indicated that his co-defendant, Mr. Johnson, opposed the motion, and because the motion did "not adequately justify [the] requested one-year continuance or explore less drastic alternatives that would avoid the need to sever this multi-defendant action." Dkt. Nos. 57, 58. Indeed, the motion provided only two bases for a continuance: (1) counsel had a three-to-four-week trial scheduled for October 6, 2024; and (2) Mr. Thissel is expected to be criminally charged in Snohomish County, and that case "is expected to be tried before the instant federal case." Dkt. No. 54 at 3. The motion provided no information as to how long it would take counsel to prepare for trial or other scheduling conflicts that made it necessary to continue trial for over a year. Moreover, Mr. Thissel's attorneys made no effort to explain why they undertook representation if "counsel's schedule" would not permit them to try the case for over a year and a half after their appointment. *Id.* at 4. After denying the motion, the Court directed the parties

> to confer regarding availability for trial; should they require a continuance, they should jointly seek one as soon as possible. If a joint request for a continuance (agreed to by both Defendants) is not possible, any continuance sought by an individual Defendant should address whether severance is required, explain what less drastic alternatives have been explored, and explain why, if counsel had a conflict with the current trial date at the time counsel was appointed, counsel undertook this appointment without exploring whether a continuance of the trial causing a conflict with this case could be obtained.

Dkt. No. 58. That prompted Mr. Mazzone and Mr. Fricke to move to withdraw as counsel. Dkt.

No. 59. Judge Tsuchida denied the motion because the motion was premature, particularly because the Court "ha[d] provided defense counsel with a roadmap to address any time constraints counsel faces caused by the current October 2025 trial date." Dkt. No. 61 at 2.

This second motion to continue the trial date followed. Dkt. No. 62. The motion renews Mr. Thissel's request to continue trial to October 2026, but provides more of the detail requested by the Court in its prior minute order. *See id.*; *see also* Dkt. No. 53 (Mr. Thissel waiving speedy trial rights through October 31, 2026). Specifically, Mr. Thissel avers that this case involves over 25,000 pages and over 900 gigabytes of discovery, the Snohomish County case will be a first degree murder case with facts "overlap[ping] with the federal charges in the instant case," and it will take counsel until October 12, 2026 to prepare for "a trial of this magnitude." Dkt. No. 62 at 3–4. The Government filed a response stating that "Thissel's request for a continuance of the trial date is appropriate and necessary," and "[i]t would make little sense to sever these two clearly related cases, potentially resulting in two complex and lengthy trials on identical issues and with identical witnesses." Dkt. No. 68 at 1, 8. However, the Government stops short of agreeing to a continuance to October 2026, and instead suggests June 2026 as a potentially viable new trial date. *Id.* at 8. Mr. Johnson also responded to Mr. Thissel's motion, stating that he agrees to a short continuance—to January 2026—but "a delay of more than a year is not reasonable at this point." Dkt. No. 70 at 1.[1]

---

[1] Responses to Mr. Thissel's motion were due on May 23; both the Government's response (filed on May 27) and Mr. Johnson's response (filed on May 30) were untimely. *See* LCrR 12(b)(2) (responses are due seven days after motion is filed). The Court warns the parties that it will not consider late submissions in the future without a showing of excusable neglect. Fed. R. Crim. P. 45(b)(1)(B); *see also United States v. Jefferson*, No. 2:23-CR-00109-LK, 2025 WL 72115, at *1 (W.D. Wash. Jan. 10, 2025) (declining to consider late filing).

Furthermore, all three parties made factual assertions that were not supported by citations to the record or by declarations. *See, e.g.*, Dkt. No. 62 at 2–4; Dkt. No. 68 at 2–3, 7; Dkt. No. 70 at 2. Local Criminal Rule 12 requires that briefs contain specific citations to the record and, if a brief "requires the consideration of facts not appearing of record, the [filer] shall also serve and file copies of all affidavits and photographic or documentary evidence presented in support of the [brief]." LCrR 12(b)(1)–(3), -(e)(6); *see also United States v. Loo*, No. 24-CR-00072, Dkt. Nos. 46, 46-1 (W.D. Wash. May 23, 2025) (example of properly supported brief). The Court warns the parties that it will strike or decline to consider unsupported assertions in the future.

After Mr. Thissel filed his motion to continue trial, the Court noticed a hearing on the motion for June 2, 2025 and granted the parties' stipulated motion to stay the pretrial motions deadline pending the hearing.[2] Dkt. Nos. 63, 67.

At the June 2 hearing, the Court heard argument from each of the parties. Counsel for Mr. Thissel reiterated that a continuance is necessary because of the large amount of discovery in this case and to accommodate counsel's obligations in other cases, which include a multi-week federal trial in Alaska beginning in October 2025 and a March 2026 trial in this Court (the latter applying to Mr. Fricke only). They also argued that the forthcoming state murder trial, if and when charges are filed, should precede this one. The Government agreed that a continuance is appropriate here and endorsed the Court's suggestion that trial is this matter be continued to May 2026. It also stated that it expects the state charges to be filed by mid-August 2025. Counsel for Mr. Johnson conceded that they would not be prepared to proceed with the current October 2025 trial date, though continued to oppose any continuance past January 2026, even though that would leave Mr. Thissel's counsel with less than the 12 to 13 months that Mr. Johnson's counsel previously averred was necessary for their own preparation. Finally, Mr. Johnson's counsel also disagreed that the state case would, and should, precede this one.

## II. DISCUSSION

Mr. Thissel's motion implicates competing Sixth Amendment rights—Mr. Johnson's right to a speedy trial and Mr. Thissel's right to effective assistance of counsel—as well as the strong preference for criminal defendants who are indicted together to be tried together, especially when conspiracy charges are at play. For the reasons explained below, the Court finds that a continuance until May 26, 2026 is warranted.

---

[2] In the parties' stipulated motion, they informed the Court that "[n]egotiations to potentially resolve the charges against Defendant Johnson . . . are ongoing." Dkt. No. 66 at 1–2.

**A. Legal Standard**

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *United States v. Quintero*, 995 F.3d 1044, 1059 (9th Cir. 2021) (citing *Strickland v. Washington*, 466 U.S. 668, 686, 688 (1984)). The right to effective assistance of counsel "implicitly embraces adequate opportunity for the accused and his counsel to consult, advise and make such preparation for arraignment and trial as the facts of the case fairly demand." *Betschart v. Oregon*, 103 F.4th 607, 621 (9th Cir. 2024) (quoting *De Roche v. United States*, 337 F.2d 606, 607 (9th Cir. 1964)). This includes ensuring sufficient time for counsel to, among other things, interview witnesses, review discovery, investigate lines of defense, explore plea offers, and warn the accused of possible risks in sentencing. *See id.* at 620–22 (describing the attorney-client relationship in the context of the Sixth Amendment right to counsel).

The Sixth Amendment also guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Congress enacted the Speedy Trial Act "[t]o give effect to" the Sixth Amendment right to a speedy and public trial. *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022) (per curiam). That Act generally requires a criminal defendant's trial to begin within 70 days of the date on which the indictment was filed or the date on which the defendant makes an initial appearance, whichever is later, 18 U.S.C. § 3161(c)(1), and excluding certain periods of delay enumerated in the statute, *id.* § 3161(h); *see Zedner v. United States*, 547 U.S. 489, 497 (2006) ("To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start."). Delays not in one of the enumerated categories may be excluded to serve the "ends of justice." 18 U.S.C. § 3161(h)(7)(A). "It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants" as long as the delay is "reasonable." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999).

Specifically, 18 U.S.C. § 3161(h)(6) excludes from the 70-day period "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Speedy Trial Act delays are often reasonable in cases that involve multiple defendants and extensive discovery, *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010), particularly if delaying a co-defendant's trial is necessary to avoid severing a conspiracy prosecution, *United States v. Casellas*, 842 F. App'x 95, 97 (9th Cir. 2021).

**B. A Continuance is Warranted**

Here, Mr. Johnson made an initial appearance on August 15, 2024, and trial was set for October 21, 2024. Dkt. No. 12. On September 3, 2024, he filed a motion to continue trial to October 6, 2025. Dkt. No. 19. In that motion, he asserted that the case was complex and would involve "a significant volume of written documents from multiple investigating agencies, files from electronic devices, and forensic analysis of tangible items," requiring a continuance of "approximately 12 months" from the initial trial date. Dkt. No. 19 at 2. The Court granted the motion and excluded the time between its order (on October 21, 2024) and the new trial date under 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Dkt. No. 20. Now, Mr. Johnson asks the Court to deny a continuance of the same length for Mr. Thissel.

As noted above, Mr. Thissel's counsel were appointed in April 2025, roughly eight months after Mr. Johnson's counsel were appointed. Given their late start, Mr. Thissel's counsel argue that proceeding with the current October 2025 trial date would be "inherently unfair[.]" Dkt. No. 62 at 5. They also argue that the October 2025 trial date is not realistic given the complexity of this case, a point that the Government's response underscores as well. As the Government explains,

> This is not a simple drug delivery or firearm case. The government contends that Thissel and Johnson committed multiple home invasion burglaries, breaking into private homes in the middle of the night while armed, zip-tying victims, ransacking

> their homes for valuables. In one instance, it is alleged the defendant's zip-tied and removed a young child from a home apparently to compel the child's parents to comply with their directives. In another instance it is alleged that the defendants zip-tied and removed a woman from her home, driving her to a bank and attempting to get her to use her ATM machine to access her bank account. Finally, it is alleged that the defendants shot and killed a woman in her bedroom, with her young son in bed next to her, as they committed another residential burglary.

Dkt. No. 68 at 7.

Both Mr. Thissel's motion and the Government's response emphasize that this case involves extensive discovery, including "DNA and fingerprint expert testimony, firearm/toolmark expert testimony, crime scene reconstruction, and extensive tracking and surveillance evidence." *Id.* Again, Mr. Thissel's counsel have received at least "25,000 pages and over 900 gigabytes of discovery." Dkt. No. 62 at 3. The Government also emphasizes that each of the seven alleged RICO Acts "is essentially a mini trial, involving multiple witnesses," further increasing the complexity of this case. Dkt. No. 68 at 7. The Court agrees that it would take more time than the current trial date and pretrial schedule afford for Mr. Thissel's counsel to review the immense amount of discovery, consult with Mr. Thissel, prepare pretrial motions, and get ready for trial. And the need for sufficient time to make an informed decision regarding whether to go to trial is particularly relevant here, because "the potential consequences for the defendants are extremely serious: a mandatory minimum term of ten years if convicted, with a maximum possible sentence of life." *Id.*

Matters are further complicated by the parallel state proceeding in Snohomish County. According to the Government, "the Snohomish County Prosecuting Attorney's Office has indicated that it intends to file murder and other serious charges against both Thissel and Johnson in August of 2025," which would carry greater mandatory penalties than the federal charges. *Id.* Mr. Thissel and Mr. Johnson may wish to litigate the state charges first, but even if not, "the parallel proceedings complicate the defense of the cases, as decisions and actions taken in one

jurisdiction could affect the case in the other jurisdiction." *Id.* at 8. Mr. Thissel's motion echoes these concerns. Dkt. No. 62 at 2–3 & n.2.

Based on the above, an October 2025 trial date does not leave Mr. Thissel's counsel with sufficient time to be able to effectively prepare for and represent Mr. Thissel at trial. Mr. Mazzone was appointed less than two months ago, and Mr. Fricke less than a month and a half ago. Dkt. Nos. 50, 56. Not only that, but both Mr. Mazzone and Mr. Fricke have a conflict with the current trial date because they have a three-to-four-week trial in the District of Alaska currently set for October 6, 2025. *See generally USA v. Maveaga et al.*, No. 3:23-cr-00083-VMK-KFR (D. Alaska). Even if new counsel were appointed for Mr. Thissel, it appears highly improbable—and likely impossible—for such counsel to adequately prepare for trial by October 2025 given the above-described volume of discovery and complexity of this case. A continuance at this point is the only viable option to protect Mr. Thissel's right to effective assistance of counsel.

Having decided that a continuance is necessary, the Court must decide how long of a continuance to grant.

**C.     Trial is Continued to May 26, 2026**

Mr. Thissel requests a continuance to October 2026, while the Government and Mr. Johnson both suggest that a shorter continuance might be appropriate (June 2026 and January 2026 respectively). Dkt. No. 62 at 1; Dkt. No. 68 at 8.

Again, 18 U.S.C. § 3161(h)(6) excludes from the Speedy Trial clock "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." "Generally speaking, defendants jointly charged are to be jointly tried." *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980). This is because

[i]t would impair both the efficiency and the fairness of the criminal justice system

> to require, in all these cases of joint crimes . . . , that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.

*Richardson v. Marsh,* 481 U.S. 200, 210 (1987). Mr. Johnson does not seek to sever this case; indeed, he asserts that, given the continuing productions of discovery from the Government, "it is premature to know whether a severance motion is warranted." Dkt. No. 70 at 2. In his opposition to Mr. Thissel's motion, Mr. Johnson does not raise his speedy trial right, instead averring that the Court should not grant a continuance beyond January 2026 based on "Mr. Johnson's interest in avoiding long and drawn-out legal proceedings." *Id.*

The Court "gauge[s] the reasonableness of delay on a case by case basis, given the fact-bound nature of the inquiry." *Messer*, 197 F.3d at 337 (internal quotation marks omitted). As discussed above, Mr. Johnson has already represented to this Court that the complexity of this case, the nature of the evidence, and the volume of discovery required a trial preparation period of roughly 13 months. Dkt. No. 19 at 2. The Court finds that given the volume of discovery to date, coupled with the complexity of the case, at least 13 months will be required to complete pre-trial tasks and prepare for trial. Therefore, 13 months constitutes a reasonable delay within the meaning of 18 U.S.C. § 3161(h)(6). This is not to say more time will not be needed, especially considering the possibility that Defendants will be charged by Snohomish County in a factually related matter that may go to trial around the same time. But that is unknown at this time, and it would be premature to determine that additional time is needed based on the hypothetical schedule of a case that has not yet been filed.

Because the overall delay in this case will exceed 21 months, the Court proceeds to evaluate whether a continuance will violate Mr. Johnson's speedy trial rights. The Court considers four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his

right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). None of these four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial"; instead, "they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. Where, as here, the time limits of the Speedy Trial Act have been met, there is a "strong presumption" of compliance with the Sixth Amendment. *United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995); *see also United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (it is "unusual" to find a Sixth Amendment violation when there is no Speedy Trial Act violation). However, the constitutional analysis is "more flexible" than the Speedy Trial Act inquiry. *United States v. Murillo*, 288 F.3d 1126, 1131 (9th Cir. 2002).

**Factor 1: Length of the Delay.** The first factor, the length of the delay, serves as a screening device for a full speedy trial analysis under *Barker*. The "general consensus" is that an eight-month delay "constitutes the threshold minimum" to initiate the full *Barker* inquiry. *United States v. Gregory*, 322 F.3d 1157, 1162 n.3 (9th Cir. 2003); *United States v. Alfaro-Hidalgo*, No. 21-10066, 2022 WL 999937, at *1 (9th Cir. Apr. 4, 2022). And a delay "approaching one year" is generally presumptively prejudicial. *Gregory*, 322 F.3d at 1161–62. The length of the delay "is measured from the time of the indictment to the time of trial." *Id.* at 1162. Based on a May 26, 2026 trial, the length of the delay here is roughly 21.5 months. Considering the complexity of this case and the volume of discovery, this delay is not so long that it weighs significantly in Mr. Johnson's favor. *Gregory*, 322 F.3d at 1162 (22-month delay was "not excessively long" and so "[did] not weigh heavily in [defendant's] favor").

**Factor 2: Reason for the Delay.** The second factor is the reason for delay. The purpose of this factor is to evaluate "whether the government or the criminal defendant is more to blame for th[e] delay." *Doggett v. United States*, 505 U.S. 647, 651 (1992). Intentional government tactics to delay the trial weigh heavily against the government. *Barker*, 407 U.S. at 531; *see also United*

*States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019). By contrast, "a good-faith, reasonable justification for the delay, such as a missing witness, or a meritorious interlocutory appeal, will weigh less heavily against the government or not weigh against the government at all." *Myers*, 930 F.3d at 1119–20 (citing *Barker*, 407 U.S. at 531 and *United States v. Loud Hawk*, 474 U.S. 302, 316 (1986)). And finally, a defendant's actions that delay his own trial weigh heavily against him. *See id.*

As discussed above, Mr. Johnson delayed his own trial by 12 months by seeking a continuance. Dkt. No. 21. The remaining 9.5 months of delay is attributable to the turnover in Mr. Thissel's counsel and the complexity of this multi-defendant conspiracy case. Given their relatively recent appointment and the complexity of the case, Mr. Mazzone and Mr. Fricke's need for more time to prepare for trial is a valid reason for a delay. *See United States v. Keith*, 61 F.4th 839, 853 (10th Cir. 2023) (delay that "occurred because two codefendants needed more time for their newly appointed counsel to review discovery and prepare for trial" was a "valid reason (prompted by codefendants) that does not support [a] constitutional claim"), *cert. denied*, 144 S. Ct. 420; *see also id.* ("Delays owing to the nature of large, multidefendant conspiracies with vast discovery are justifiable."). Thus, this factor weighs against any speedy trial claim.

**Factor 3: Defendant's Assertion of His Speedy Trial Rights.** The third *Barker* factor is whether the defendant asserted his right to a speedy trial. If the defendant fails to assert the right, it will be "difficult . . . to prove that he was denied a speedy trial." *Myers*, 930 F.3d at 1120 (quoting *Barker*, 407 U.S. at 531). This factor weighs heavily against Mr. Johnson. He has not asserted his right to a speedy trial, whether by motion or otherwise. In his response brief, he simply opposes a continuance past January 2026 as "not reasonable"—without any supporting argument—and asserts that it is premature to consider severance. Dkt. No. 70 at 1–2. This falls well short of what courts consider as an adequate assertion of a defendant's speedy trial right. *Compare United States*

*v. Gunter*, 77 F.4th 653, 656 (7th Cir. 2023) (defendant adequately asserted his right to a speedy trial where he "moved to dismiss the indictment on the basis of his Sixth Amendment right to a speedy trial" and "opposed motions for continuances and asserted his desire for a speedy trial at numerous times"), *with United States v. Adegboruwa*, No. 2:19-CR-00260-JNP-CMR, 2023 WL 5724934, at *7 (D. Utah Sept. 5, 2023) (factor weighed heavily against defendant where he "never asserted his speedy trial rights prior to filing his motion to sever"). Even had Mr. Johnson used his response to vigorously assert his speedy trial right and filed a motion for severance (neither of which he has done), this factor would still only weigh slightly in his favor because of his belated assertion of that right. *See United States v. Vasquez*, No. 6:22-CR-017-CHB-1, 2023 WL 3324674, at *10 (E.D. Ky. May 9, 2023) (factor weighed only slightly in defendant's favor, even though he "repeatedly objected to continuances based on his dissatisfaction with the pace of pretrial proceedings," because he only belatedly developed his speedy trial arguments in a motion to sever); *United States v. Gates*, No. 1:17-CR-00092-JLS-MJR, 2020 WL 6218707, at *12 (W.D.N.Y. Sept. 30, 2020) (collecting cases for the proposition that belated assertion of speedy trial right still weighs against defendant), *report and recommendation adopted*, 2020 WL 6205814 (W.D.N.Y. Oct. 22, 2020). For these reasons, this factor weighs heavily against Mr. Johnson.

**Factor 4: Prejudice to the Defendant.** Finally, the fourth factor looks at whether the defendant would be prejudiced by the delay. Courts look at the three interests the speedy trial right was designed to protect: (1) "to prevent oppressive pretrial incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the possibility that the defense will be impaired." *Myers*, 930 F.3d at 1120 (quoting *Barker*, 407 U.S. at 532). The third of these interests is the most important. *Id.* Here, although Mr. Johnson opposes a continuance past January 2026, he does not argue that he would be prejudiced if the Court granted one. Dkt. No. 70. Indeed, delay can work to the defendant's advantage, as when witnesses "become unavailable or their memories . . . fade."

*Barker*, 407 U.S. at 521; *see also Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (recognizing "the reality that defendants may have incentives to employ delay as a 'defense tactic'") (quoting *Barker*, 407 U.S. at 521). With respect to detention, the Government argues—and the Court agrees—that Mr. Johnson would not experience oppressive pretrial incarceration because he "is currently serving a 67-month state sentence" and thus "will remain in custody, receiving credit toward his state sentence." Dkt. No. 68 at 8 n.4.

Weighing these factors, the Court finds that Mr. Johnson's constitutional right to a speedy trial will not be violated by the continuance granted here.

## III. CONCLUSION

For these reasons stated above, the Court GRANTS IN PART and DENIES IN PART Mr. Thissel's motion, Dkt. No. 62, and ORDERS that the trial date be continued to May 26, 2026, and the pretrial motions deadline be continued to February 2, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act. For the avoidance of doubt, this period of delay is excluded with respect to both Mr. Thissel and Mr. Johnson. *See* 18 U.S.C. § 3161(h)(6). Finally, the parties are further ORDERED to meet and confer and propose a joint pretrial scheduling order no later than June 16, 2025.

Dated this 2nd day of June, 2025.

Lauren King
United States District Judge