1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00138-LK |
| Plaintiff, | ORDER GRANTING MOTION TO WAIVE PRO HAC VICE FEE FOR ATTORNEY BERT DUPRÉ |
| v. | |
| KEVIN THISSEL, | |
| Defendant. | |

        This matter comes before the Court on Defendant Kevin Thissel's motion to waive the pro hac vice application fee for one of his attorneys, Bert Dupré, in this matter. Dkt. No. 89.

        Mr. Thissel is an indigent criminal defendant and is being represented by counsel appointed under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Mr. Thissel argues that because he is indigent and Mr. Dupré's services "are being provided without compensation," imposing the standard pro hac vice fee typically required for out-of-state counsel "would constitute an unnecessary financial burden on the defense and is inconsistent with the intent of the CJA." Dkt. No. 89 at 1.

1   Under the circumstances, the Court agrees and grants the motion. Federal district courts

2   may, in their discretion, waive pro hac vice admission fees—and courts do so for a variety of

3   reasons. *See, e.g.*, *Nash v. Carr*, No. 4:25-cv-00059, Dkt. Nos. 5–6 (N.D. Miss. 2025) (waiving

4   fee based on local rule provision allowing waiver for attorneys providing pro bono services). Here,

5   the Court finds that a waiver is appropriate based on Mr. Dupré's public service as a CJA-

6   appointed attorney providing services without compensation for an indigent client.[1]

7   For those reasons, the Court GRANTS Mr. Thissel's motion to waive the pro hac vice

8   application fee for his attorney, Bert Dupré. Dkt. No. 89. The pro hac vice admission fee is

9   WAIVED for Mr. Dupré in this matter.

11   Dated this 4th day of August, 2025.

Lauren King
United States District Judge

---

[1] The Court is also acutely aware that "[t]he program that pays court-appointed private attorneys to represent indigent federal criminal defendants has run out of money, starting the clock on a painful three-month delay in paying these attorneys and their related service providers for constitutionally mandated legal work." United States Courts, Funding Crisis Leaves Defense Lawyers Working Without Pay (July 15, 2025), *available at* https://www.uscourts.gov/data-news/judiciary-news/2025/07/15/funding-crisis-leaves-defense-lawyers-working-without-pay.