|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 10 | | |
| 11 | UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00138-LK |
| 12 | Plaintiff, v. | ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL DATE |
| 13 | KEVIN THISSEL, | |
| 14 | Defendants. | |
| 15 | | |

16  This matter comes before the Court on the parties' Joint Motion to Continue Trial Date.
17 Dkt. No. 102. Defendants Kevin Thissel and Christopher Johnson are currently scheduled for a
18 joint trial on May 26, 2026, with pretrial motions due by February 2, 2026. Dkt. No. 71. The parties
19 seek a continuance of the trial date to November 2, 2026. Dkt. No. 102 at 1. The parties state that
20 they will "file a proposed scheduling order within two weeks" if the Court grants the requested
21 continuance. *Id.* at 3. Thissel and Johnson have waived their speedy trial rights through November
22 16, 2026. Dkt. Nos. 107–08.
23  The parties seek this continuance so that "the defense can continue its investigation, which
24 includes, but is not limited to, interviewing witnesses, working with experts, observing forensic

ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL DATE - 1

testing by the government and analyzing the results of any forensic testing." Dkt. No. 102 at 2.[1] The parties also aver that more time is needed for settlement discussions that "have been complicated by the fact that both Mr. Thissel and Mr. Johnson have been charged with murder and other crimes in state court that relate directly to the charges in this case." *Id.* at 2.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Defendants' counsel the reasonable time necessary to interview witnesses, work with experts, observe forensic testing by the government, and analyze the results of any forensic testing, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The Court further finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the motion and ORDERS that trial in this matter shall be continued to November 2, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act. All pretrial motions are due by September 2, 2026. The parties shall file a proposed scheduling order within 14 days. If expert testimony is anticipated, the parties must propose a date prior to trial (either at or before the pretrial conference) for a *Daubert* hearing.

Dated this 7th day of January, 2026.

*Lauren King*
Lauren King
United States District Judge

---

[1] The motion also states that "the CJA budget exhausted its funding for indigent defense in July of 2025, necessarily causing delays in case preparation," *id.* at 1; however, the parties do not indicate how the funding issue hindered the progression of this case.