UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00138-LK |
| Plaintiff, | ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL |
| v. | |
| KEVIN THISSEL, | |
| Defendant. | |

This matter comes before the Court on the parties' Joint Motion to Continue Trial Date. Dkt. No. 123. The Court has previously continued the trial date twice at the request of Mr. Thissel, Dkt. No. 45 (granting Mr. Thissel's motion), Dkt. No. 72 at 8 (granting in part Mr. Thissel's motion), Dkt. No. 109 (granting joint motion), and Mr. Thissel has repeatedly waived his speedy trial rights, Dkt. No. 42-2 (through December 3, 2025), Dkt. No. 53 at 1 (through October 31, 2026), Dkt. No. 107 at 2 (through November 16, 2026). Trial is currently set for November 2, 2026, with a pretrial motions deadline of September 2, 2026. Dkt. No. 109. Mr. Thissel and the United States request that the Court continue the trial to a date in September 2027. Dkt. No. 123 at 1. Mr. Thissel has waived his speedy trial rights through November 30, 2027. Dkt. No. 124.

ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL - 1

The parties request the continuance for the following reasons:

- Mr. Thissel's co-defendant Christopher Johnson entered a guilty plea, Dkt. Nos. 111, 113, 118, which "has a significant impact on Mr. Thissel's preparation for trial and his trial strategy, requiring additional time for his counsel to adequately prepare for trial and the filing of pretrial motions." Dkt. No. 123 at 1–2.

- The related case filed in Snohomish County Superior Court "is expected to move forward with a jury trial" based on "the recent termination of plea negotiations[.]" *Id.* at 2. The state trial—in which Mr. Thissel is represented by the same counsel— is currently set to begin on January 25, 2027, though Mr. Thissel is seeking an unopposed continuance to early March 2027, and "[t]he trial is expected to last at least four weeks." *Id.*

- "Mr. Thissel believes it is in his strategic interest to move forward with the Snohomish County trial prior to the federal trial" because the "mandatory penalties in the state case are significantly greater than those applicable in the federal case; pretrial preparations are already beginning in the state case, including the scheduling of numerous defense witness interviews"; "it would be unreasonable to expect defense counsel to prepare for both the federal and state trials simultaneously; and, similarly, the defense cannot prepare for the state trial and, at the same time, comply with the numerous pretrial deadlines set forth in this Court's Case Scheduling Order." *Id.* at 2–3.

- The parties believe that if the state trial proceeds prior to the federal matter, "there is a significant likelihood that the parties would be able to resolve the federal matter short of trial, especially considering the significant potential mandatory penalties that would apply if Mr. Thissel is convicted in the state case." *Id.* at 3.

- Finally, "this is an extremely complex case involving serious allegations of multiple home invasion robberies and a murder; each of the seven alleged racketeering acts is 'essentially a mini trial involving multiple witnesses'"; the potential consequences for Mr. Thissel "are serious, including a mandatory minimum term of ten years in prison and up to life in prison"; and discovery includes "at least 25,000 pages and over 900 gigabytes of materials, some of which involves DNA and fingerprint expert testimony, firearm/toolmark expert testimony, crime scene reconstruction, and extensive tracking and surveillance electronic evidence." *Id.* (quoting Dkt. No. 72 at 6–7). "The challenges for defense counsel to review all of this information and adequately prepare for the filing of pretrial motions and trial are further complicated by the related state court proceedings and the other factors" noted in the bullets above. *Id.*

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Mr. Thissel in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a

ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL - 2

miscarriage of justice by denying Mr. Thissel's counsel the reasonable time necessary to review the exceedingly voluminous discovery in this matter, to interview the numerous defense witnesses, and to prepare for trial before this Court and in the related case in Snohomish County, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court further finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks. For these reasons, the Court GRANTS the motion and ORDERS that trial in this matter shall be continued to September 13, 2027. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Thissel's trial must commence under the Speedy Trial Act.

As requested, the parties may file a proposed scheduling order within two weeks of this Order. Dkt. No. 123 at 4. If expert testimony is anticipated, the parties must propose a date prior to trial (either at or before the pretrial conference) for a *Daubert* hearing.

Dated this 22nd day of June, 2026.

Lauren King
United States District Judge

ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL - 3